

**NUMBER 13-08-00495-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**INA NICOLE GARCIA,**                                                              **Appellant,**

**v.**

**DOUGLAS EDWARD TAUTENHAHN,**                                          **Appellee.**

---

**On appeal from the 430th District Court
of Hidalgo County, Texas.**

---

# DISSENTING OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Dissenting Opinion by Justice Benavides

I believe that the majority's opinion allows an alleged sexual assault offender to surreptitiously contact his victim, reasonably placing her in fear of further harm, while avoiding the imposition of a sexual assault protective order. *See* TEX. CODE. CRIM. PROC. ANN. art. 7A.03 (Vernon Supp. 2009). Therefore, I respectfully dissent.

The majority sets forth the facts of the case, so I will not repeat them here. My disagreement with the majority's opinion is twofold: (1) the majority fails to consider the threat from the proper perspective; and (2) by failing to do so, the majority permits the alleged offender to evade a protective order. Significantly, the trial court found that "there are reasonable grounds to believe that the applicant is the victim of a sexual assault."

Therefore, the only question I will address is whether the evidence was legally and factually insufficient to support the trial court's decision that Garcia was not the "subject of a threat that reasonably place[d] [her] in fear of further harm from [Tautenhahn]." *See id.*; *Clements v. Haskovec*, 251 S.W.3d 79, 84 (Tex. App.–Corpus Christi 2008, no pet.) (setting forth the standard of review this Court follows when reviewing the denial of a protective order).

Utilizing a definition of "threat" from Merriam-Webster's dictionary,[1] the majority focuses on whether Tautenhahn "intended to inflict injury or damage to Garcia or that he intended to contact her and cause her further emotional harm." ___ S.W.3d ____ (Tex. App.–Corpus Christi 2010, no pet. h.). I believe using this definition is improper because the focus of the statute is on whether the *applicant* feels a threat of further harm, not on whether the alleged offender overtly threatens to harm her. *See* TEX. CODE. CRIM. PROC. ANN. art. 7A.03. I would apply the definition of "threat" found in Black's Law Dictionary, which defines "threat" as "[a]n indication of an approaching menace."[2] BLACK'S LAW DICTIONARY 1618 (9th ed. 2009). Additionally, following case law interpreting the requirements for family violence protective orders,[3] *see* TEX. FAM. CODE ANN. §§ 71.004, 85.001 (Vernon Supp. 2009), the proper focus is on whether Garcia felt a threat of further harm. *See Ulmer v. Ulmer*, 130 S.W.3d 294, 300-01 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (en banc); *see also Gonzalez v. Rangel*, No. 13-05-641-CV, 2006 Tex. App. LEXIS 7254, at *9 (Tex. App.–Corpus Christi Aug. 17, 2006, no pet.) (mem. op.).

Under these guidelines and the facts of this case, I believe that Garcia established as a matter of law "all vital facts in support of the issue" that she was the subject of a threat

---

[1] *See* MERRIAM-WEBSTER ONLINE DICTIONARY, *available at* http://www.merriam-webster.com/dictionary/threat (last visited May 20, 2010).

[2] The majority quotes, but does not apply, a similar definition from Merriam-Webster: "an indication of something impending." *Id.*

[3] Following case law interpreting the requirements of family violence protective orders is appropriate because, as the legislative history indicates, the purpose of adding chapter 7A to the code of criminal procedure was to make the same protective order remedy available under the family code to "a person who is battered, sexually assaulted, or harassed by a family member, household member, or by someone the person is dating" also available to "individuals alleging sexual assault . . . who [have] no prior relationship with the perpetrator." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 433, 78th Leg., R.S. (2003).

that reasonably placed her in fear of further harm and that the trial court's contrary finding was against the great weight and preponderance of the evidence. *See Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241-42 (Tex. 2001). Garcia testified concerning her fear that further contact with Tautenhahn would cause her emotional harm. Further, Tautenhahn's actions of contacting her through his sister, stating to the Attorney General's office that he was interested in seeing his child, visiting Garcia's dorm room uninvited, and contacting people Garcia knew to inquire about her and the child, indicate an approaching menace: that Garcia would be forced into contact with Tautenhahn. Significantly, Jaure testified that merely being in the presence of an alleged offender can cause a victim to feel a threat of further emotional harm. There is no contrary evidence in the record. Additionally, permitting Tautenhahn to engage in this kind of activity, i.e., prying into Garcia's life using third-person intermediaries, will allow other alleged sexual offenders to effectively avoid the operation of sexual assault protective orders by utilizing the same methods. This is a consequence I cannot accept. Therefore, I conclude that the trial court erred in denying Garcia's application for a sexual assault protective order. Accordingly, I would reverse and remand for a new trial.

GINA M. BENAVIDES,
Justice

Delivered and filed the
27th day of May, 2010.

3